UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 05-200-DLB

IN RE: ROBERT E. PARKER, DEBTOR

ROBERT E. PARKER, et al.                                                                APPELLANTS

VS.                                         **OPINION AND ORDER**

ROBERT BROWNING BROCK, TRUSTEE, et al.                                  APPELLEES

*********************************

In this bankruptcy appeal, Appellant/Debtor appeals the Bankruptcy Court's May 9, 2005 order voiding the Trustee's abandonment of the Bankruptcy estate's interest in two legal malpractice claims.

**Procedural and Factual Background**

Debtor filed his notice of appeal on May 16, 2005. (Doc. # 1). Appellees ("Hall and Lucas") are two individual attorneys and the law firm against whom one of the legal malpractice claims is asserted. Hall and Lucas have moved to dismiss Debtor's appeal as untimely. (Doc. # 5). They also claim that the Bankruptcy Court's order is not final and, therefore, is not reviewable by this Court.

In conjunction with his notice of appeal, Debtor filed a motion to stay enforcement of the Bankruptcy Court's May 9, 2005 order under Bankruptcy Rule 8005. That motion was denied on June 16, 2005. The following month, on July 19, 2005, the Bankruptcy Trustee filed a motion to sell the estate's interest in the legal malpractice claims at a public

1

auction pursuant to 11 U.S.C. § 363.  That motion was granted on August 12, 2005.  During that in-court auction, the claim against Hall and Lucas was purchased by Lawyers Mutual Insurance Company on their behalf for the sum of $10,200.00.  On September 8, 2005, the Bankruptcy Court entered an order approving the sale.

In view of the sale and approval by the Bankruptcy Court, Appellees have filed a second motion to dismiss Debtor's appeal on September 21, 2005, arguing that it is now moot.  (Doc. # 8).  Although the response time on this latter motion has not yet run, the Court believes a response is unnecessary to adjudicate the pending motions.

The underlying Chapter 7 bankruptcy was filed by the Debtor, Robert E. Parker, on November 11, 2002.  On May 27, 2003, Debtor amended his Schedule B-Personal Property to include a possible legal malpractice suit of unknown value.  On June 14, 2004, the Trustee filed a notice proposing to abandon the estate's interest in two malpractice claims, which she believed were of little or no value.  According to the Trustee, the major creditors of the estate did not wish to fund the litigation or unduly delay distribution of the estate's assets.

Hall and Lucas (individually and on behalf of their law firm) filed a motion to void the Trustee's notice and objection thereto.  The motion, filed on March 30, 2005, indicated that Appellees offered to purchase the malpractice claim naming them as defendants from the estate. On May 9, 2005, Judge Howard issued his Memorandum Opinion.  In that decision, Judge Howard concluded that the malpractice claim now appears to have value, sustained Appellees' objection, and voided the Trustee's abandonment of the claim.  It is that decision which is the subject of this bankruptcy appeal.

2

**Analysis**

This Court has jurisdiction to hear appeals "from final judgments, orders, and decrees" entered by bankruptcy courts. 28 U.S.C. § 158(a). A final order is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Whittington v. Milby*, 928 F.2d 188, 191 (6th Cir. 1991) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). Without addressing the merits of Appellees' arguments that the appeal was untimely and the Bankruptcy Court's May 9, 2005, Order was not final and appealable (raised in the initial motion to dismiss), the Court concludes that the instant appeal has been rendered moot by virtue of the sale of the legal malpractice claim and the Bankruptcy Court's approval of that sale on September 8, 2005.

Title 11, United States Code, Section 363(m) provides that "the reversal or modification on appeal of an authorization ... of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal." *Id.* Thus, once a bankruptcy sale has been consummated, such as the sale of the legal malpractice claims herein, § 363 deprives courts of jurisdiction to review that sale except on the limited issue of whether it was made to a good faith purchaser. *See Weingarten Nostat Inc. v. Service Merchandise Company,* Inc., 396 F.3d 737, 741 (6th Cir. 2005) (failure to obtain a stay of the completion of a sale to a good faith purchaser will render an appeal from such order moot); In *re Gucci*, 105 F.3d 837, 838 (2d Cir. 1997) ("We hold that pursuant to Bankruptcy Code § 363(m) we have no jurisdiction to review an unstayed sale order once the sale occurs, except on the limited issue of whether the sale was made to a good faith

purchaser.")

Because the sale of the legal malpractice claim has been completed, Debtor's appeal of Judge Howard's order denying the Trustee's proposal to abandon the claim (and remove any potential recovery from the assets of the estate) has been rendered moot. In this matter, where Debtor has failed to obtain a stay from the order denying abandonment, and the sale of the legal malpractice claim was completed without any further objection by Debtor, the appeal is moot, and should be dismissed. *See Weingarten*, 396 F.3d at 741, 11 U.S.C. § 363(m).

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

1. Appellees' motion to dismiss the appeal as moot (Doc. # 8) be, and is hereby **GRANTED**;

2. Appellees' motion to dismiss the appeal (Doc. # 5) for the reasons stated in that motion is **denied as moot** in view of the granting of Doc. # 8; and

3. This matter is hereby stricken from the docket of the Court.

This 27th day of September, 2005.



Signed By:
*David L. Bunning*   DB
United States District Judge

G:\DATA\ORDERS\Pike05\200-Order-Dismissing-BR-Appeal-Moot.wpd